UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA A. MATTHEY,

    Plaintiff,

v.                                     Case No. 8:19-cv-1143-T-33SPF

JOHNSON & JOHNSON,
JOHNSON & JOHNSON CONSUMER INC.,
and PUBLIX SUPER MARKETS, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Motion to Stay Temporarily All Proceedings (Doc. # 11), filed on May 22, 2019. Plaintiff Patricia A. Matthey filed a response on June 6, 2019. (Doc. # 19). For the reasons that follow, the Motion is denied.

**I. Background**

Matthey initiated this action against Johnson & Johnson, Johnson & Johnson Consumer Inc., Publix Super Markets, Inc., and Imerys Talc America, Inc., in state court on September 10, 2018. (Doc. # 1-5). In the Complaint, Matthey alleges that she developed ovarian cancer as a result of asbestos in the Johnson & Johnson Defendants' baby powder, which used

1

talc manufactured by Imerys. (Id.). Later, the state court dismissed the claims against Imerys without prejudice for lack of personal jurisdiction. (Doc. # 1-10 at 8; Doc. # 14 at 5).

Subsequently, the Johnson & Johnson Defendants removed the case to this Court on the basis of 28 U.S.C. §§ 1334 and 1452, which grant district courts jurisdiction over cases related to pending bankruptcy actions. (Doc. # 1). According to the Johnson & Johnson Defendants, this case is related to Imerys's bankruptcy in the United States Bankruptcy Court for the District of Delaware because they share insurance with Imerys and their agreement with Imerys contains indemnification and liability-sharing provisions that are implicated by Matthey's claims . (Id. at 9).

The Johnson & Johnson Defendants note that they filed a motion to fix venue in the District of Delaware on April 18, 2019. (Id. at 2). In that motion, they request that the Delaware court decide the proper venue for this case (as well as numerous similar actions) and argue that these cases should be consolidated in the Delaware court. (Id.). Indeed, 28 U.S.C. § 157(b)(5) specifies that "the district court in which the bankruptcy case is pending" is responsible for determining whether a personal injury tort or wrongful death

2

case should proceed in "the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 28 U.S.C. § 157(b)(5).

Because the Delaware court is charged with deciding the proper venue for this action, the Johnson & Johnson Defendants now seek a stay of this case pending the Delaware court's decision. (Doc. # 11). Matthey has responded in opposition, (Doc. # 19), and the Motion is ripe for review.

## II. **Discussion**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

This Court "examine[s] the following factors to determine if a stay is appropriate: (1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy." Garmendiz v. Capio Partners, LLC, No.

8:17-cv-987-EAK-AAS, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017).

While the Court understands the Johnson & Johnson Defendants' desire to wait until the Delaware court fixes venue, the Court ultimately determines that a stay is not warranted. A stay would cause significant prejudice to Matthey, as it would result in an indeterminate postponement of the case. Such a postponement is particularly problematic here where Matthey is in ill health and there is a legitimate concern that she will not live to see her day in court if the case is stayed. (Doc. # 19 at 4).

The Court notes that the state court had set this case for an April 2020 trial and discovery was underway, including the taking of Matthey's preservation testimony. (Doc. # 10-2; Doc. # 19 at 4). Staying the case — possibly for months — before ruling on the motion to remand would unnecessarily slow down the case. A stay would also make it more difficult for the parties to adhere to the state court's scheduling order in the event the case is remanded after the stay is lifted. Furthermore, the proposed stay would not increase judicial efficiency. The Court is prepared to rule in a timely fashion on the motion to remand, so the proposed stay would not aid the Court.

And the Johnson & Johnson Defendants themselves noted that, even if this Court remands the case, the Delaware court will still be able to transfer the case if it decides Delaware is the proper venue. (Doc. # 11 at 5-6). Finally, Matthey's claims against the Johnson & Johnson Defendants, if ultimately litigated and won in state court, will not preclude the Johnson & Johnson Defendants from later seeking indemnification from Imerys in the bankruptcy proceeding. (Doc. # 19 at 5; Doc. # 19-2 at 9). Thus, the Johnson & Johnson Defendants will not suffer a hardship if this Court does not stay the case and rules on the motion to remand expeditiously.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Motion to Stay Temporarily All Proceedings (Doc. # 11) is **DENIED**.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 7th day of June, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE