UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA A. MATTHEY,

    Plaintiff,
v.                             Case No. 8:19-cv-1143-T-33SPF

JOHNSON & JOHNSON,
JOHNSON & JOHNSON CONSUMER INC.,
and PUBLIX SUPER MARKETS, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Patricia A. Matthey's Motion in Support of Remand and Mandatory Abstention (Doc. # 14), filed on May 22, 2019. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (the Johnson & Johnson Defendants) filed a response on June 5, 2019. (Doc. # 17). For the reasons that follow, Matthey's Motion is granted.

**I.   Background**

Matthey initiated this action against the Johnson & Johnson Defendants, Publix Super Markets, Inc., and Imerys Talc America, Inc., in state court on September 10, 2018. (Doc. # 1-5). For purposes of diversity jurisdiction, Publix

1

is a Florida corporation. (Id. at 3). In the Complaint, Matthey alleges that she developed ovarian cancer as a result of asbestos in the Johnson & Johnson Defendants' baby powder, which used talc manufactured by Imerys. (Id.). The state court ultimately dismissed the claims against Imerys without prejudice for lack of personal jurisdiction. (Doc. # 1-10 at 8; Doc. # 14 at 5). Thus, Imerys is no longer a party to this action.

Subsequently, the Johnson & Johnson Defendants removed the case to this Court on the basis of 28 U.S.C. §§ 1334 and 1452, which grant district courts jurisdiction over cases related to pending bankruptcy actions. (Doc. # 1). According to the Johnson & Johnson Defendants, this case is related to Imerys's bankruptcy in the United States Bankruptcy Court for the District of Delaware because they share insurance with Imerys and their agreement with Imerys contains indemnification and liability-sharing provisions that are implicated by Matthey's claims. (Id. at 9).

Matthey argues that this case should be remanded to state court for the following reasons: first, there is no "related to" jurisdiction under 28 U.S.C. § 1334(a); second, even if

2

jurisdiction existed, 28 U.S.C. § 1334(c)(2) requires mandatory abstention; and third, equitable grounds support remanding this case. (Doc. # 14). The Johnson & Johnson Defendants have responded in opposition (Doc. # 17), and the Motion is ripe for review.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). As the removing party, the Johnson & Johnson Defendants bear the burden of demonstrating that removal is proper. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Because removal jurisdiction implicates key federalism concepts, removal statutes are to be strictly construed with all doubts "resolved in favor of remand to state court." See Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

## III. Analysis

Matthey argues that this case should be remanded to state court for three reasons. Each will be addressed in turn.

### A. "Related to" Jurisdiction

Under 28 U.S.C. § 1452(a), "a party may remove any claim

3

or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b) gives district courts original jurisdiction over "all civil proceedings . . . arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

"The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984). The "conceivable effect" test is a broad standard and has been adopted by the Eleventh Circuit. See Wortley v. Bakst, 844 F.3d 1313, 1318 (11th Cir. 2017) ("[R]elated non-core proceedings can be quite broad, encompassing matters that 'could conceivably have an effect on the estate being administered in bankruptcy' even if they are not proceedings 'against the debtor or against the debtor's property.'"); In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999) ("The key word in the Lemco Gypsum/Pacor test is 'conceivable,' which makes the jurisdictional grant extremely

4

broad.").

While "related to" jurisdiction can be quite broad, it is not without limit. For example, an "indemnification agreement between a defendant and a non-party bankrupt debtor does not automatically supply the nexus necessary for the exercise of 'related to' jurisdiction." Steel Workers Pension Tr. v. Citigroup, Inc., 295 B.R. 747, 750 (E.D. Pa. 2003). "Even with an indemnification agreement, a court lacks 'related to' jurisdiction if the non-debtor's recovery is predicated upon the results of a subsequent action for indemnification." In re W.R. Grace & Co., 412 B.R. 657, 667 (D. Del. 2009). Only cases where indemnification arises "independent of any additional legal actions" confer "related to" jurisdiction. Id. Specifically, claims that serve as "mere precursor[s]" to potential indemnification claims do not confer "related to" jurisdiction. Pacor, 743 F.2d at 995.

Additionally, the Third Circuit has revisited Pacor. It found that, despite a shared insurance policy between a non-debtor and a debtor, there was no "related to" jurisdiction. In re Combustion Engineering, Inc., 391 F.3d 190, 233 (3d Cir. 2004). The court reasoned that shared insurance – absent

5

detailed findings of fact demonstrating "automatic liability" – was insufficient. Id.

In the instant case, the Johnson & Johnson Defendants argue that "related to" jurisdiction exists because they share insurance with Imerys and their agreement with Imerys contains indemnification and liability-sharing provisions that are implicated by Matthey's claims. (Doc. # 1 at 9). Specifically, the Johnson & Johnson Defendants allege three bases for establishing "related to" jurisdiction. First, they assert that "certain contractual rights and obligations between the Debtors [Imerys] and J&J arose upon the filing of the Complaint asserting the State Court Talc Claims." (Doc. # 1 at 9). But they do not specify what those "certain contractual obligations" are.

Second, they assert that Imerys has "demanded coverage under certain insurance policies available to [the Johnson & Johnson Defendants]." (Id.). Again, they fail to specify what those insurance policies are, and they fail to establish that there would be "automatic liability." At best, this assertion establishes that there is a claim for insurance coverage, but liability has not been decided. Third, the Johnson & Johnson

6

Defendants assert that "each bottle of [Johnson & Johnson] cosmetic talcum powder purchased by [Matthey] in this case contained the [Imerys'] talc." (Id.). However, notably, Imerys is no longer a party to this action. (Doc. # 1-10 at 8; Doc. # 14 at 5).

Because Imerys is not a party to this action, the Johnson & Johnson Defendants' allegations are insufficient to establish "related to" jurisdiction. Nothing in the Johnson & Johnson Defendants' allegations suggest there is automatic indemnification or automatic insurance liability. At best, the allegations suggest that there may be further litigation to determine liability. At present, however, no such litigation has commenced.

These facts have led other courts to find that the Johnson & Johnson Defendants have not established "related to" jurisdiction. See, e.g., Holman v. Johnson & Johnson, 600 B.R. 6, 611-15 (Bankr. N.D. Ill. 2019) (undertaking a lengthy analysis and rejecting Johnson & Johnson's arguments for "related to" jurisdiction); Nicolas v. Johnson & Johnson, No. 3:19-cv-01153-MBS, 2019 WL 2482380, at *2 (D.S.C. June 14, 2019) ("When there is no automatic liability for

7

indemnification and a subsequent lawsuit does not require prior determination of indemnification, there is no 'related to' jurisdiction."); Kaufman v. Johnson & Johnson Consumer, Inc., 2019 WL 2297556, at *3 (W.D. Pa. May 30, 2019)("Until Plaintiff actually has a claim against Imerys, the instant case is not related to the Imerys' bankruptcy proceedings.").

Therefore, because the Johnson & Johnson Defendants have failed to establish subject-matter jurisdiction, this case is remanded to state court.

### B.  **Mandatory Abstention & Equitable Remand**

Alternatively, if subject-matter jurisdiction did exist, this case would be remanded to state court based either on the mandatory abstention doctrine or on equitable grounds.

Under 28 U.S.C. § 1334(c)(2), mandatory abstention is necessary when: "(1) the claim has no independent basis for federal jurisdiction other than [Section] 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." Carapella v. State Farm Fla. Ins. Co., No. 8:18-cv-2396-T-36CPT, 2019 WL 494584, at *7 (M.D. Fla. Feb. 8, 2019).

8

Each element of mandatory abstention is present in the instant case. First, there is no independent basis for federal jurisdiction because Matthey's claims arise exclusively under Florida state law and because Defendant Publix's Florida citizenship destroys diversity jurisdiction. (Doc. # 1-5). Second, because Matthey's case "does not invoke a substantive right created by the federal bankruptcy law and . . . [it] could exist outside of bankruptcy," it is a non-core proceeding. In re Toledo, 170 F.3d at 1347. In fact, this action existed before Imerys filed for bankruptcy. Third, a state court action has been commenced. (Doc. # 1-5). Finally, the action can be timely adjudicated in the state court proceeding.

When determining "timely adjudication," the courts look at factors such as: lack of consent for the bankruptcy court to hear the "related to" proceeding, a jury demand, no discovery or preliminary motions in the bankruptcy proceeding, and the state court action involving a small number of parties." In re Midgard Corp., 204 B.R. 764, 779 (B.A.P. 10th Cir. 1997). In the instant case, the "timely adjudication" factors weigh in favor of remand. First, an

expedited trial has been set in the state court action. (Doc. # 14 at 5-6). Second, Matthey has demanded a jury trial. (Id. at 14). Third, there are a limited number of parties involved in the state court action. Finally, the state court action cannot have any impact on the administration of the bankruptcy estate unless and until liability is determined as to the indemnification provisions and shared insurance. After considering all relevant factors, this Court finds that the action can be timely adjudicated in state court. Accordingly, even if subject-matter jurisdiction existed, this Court would abstain and remand this case to state court.

And regarding Matthey's equitable arguments, Section 1452 provides that "the court . . . may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(c). In the instant case, Matthey is suffering from ovarian cancer, has undergone six surgeries to date, lives with an ostomy bag, and has a permanent PIC line. (Doc. # 14 at 4-5). Matthey is frequently in and out of the hospital, and it is recommended that she stay on maintenance chemotherapy for the remainder of her life. (Id.). Matthey has already given her preservation deposition and preservation testimony as it is

10

unclear whether she will survive until her state court trial date. (Id. at 5). Due to her serious medical conditions and deteriorating health, Matthey is less likely to receive her day in court if this case were tried in Delaware. Therefore, even if the Court had subject-matter jurisdiction and mandatory abstention did not apply, the Court would remand this case on equitable grounds.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Matthey's Motion in Support of Remand and Mandatory Abstention (Doc. # 14) is **GRANTED.**

(2) The Clerk is directed to remand this case to state court and, thereafter, close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of July, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE